UNITED STATES DISTRICT COURT
DISTRICT OF DISTRICT OF COLUMBIA

| | |
|---|---|
| JUST FUTURES LAW,<br>1629 K Street NW, Suite #300<br>Washington, D.C. 20006<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. IMMIGRATION AND<br>CUSTOMS ENFORCEMENT<br>500 12th Street SW, Mail Stop 5902<br>Washington, D.C. 20536<br><br>*Defendant*. | Civil Action No. 1:25-cv-1301 |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to enforce the public's rights to records regarding U.S. Immigration and Customs Enforcement's ("ICE") use of products and technologies facilitating location, identity matching, tracking, and monitoring of individuals based on, *inter alia*, bankruptcy records, consumer information, credit history, communications' service use, and other commercial information. This includes specifically ICE's licensing and use of the Accurint Virtual Crime Center ("AVCC"), a platform offered by the company LexisNexis.

2. In recent years, ICE has made increasing use of data collection, sharing, and analysis in its immigration enforcement actions. As such, data surveillance presently plays a growing role in the agency's approach to its mission. In order to access larger troves of information and enhance its capacity to sort and analyze intelligence, the Department of Homeland Security

(DHS) and ICE have entered into agreements with private corporations specializing in data management and delivery. These contracts are often sizable and pay for services regularly amounting to millions of dollars in agency spending for collaboration with data accumulation companies.[1]

3. Since January 2025, ICE has expanded its use of surveillance technology as a method of locating people the administration targets for deportation.[2] From using social media monitoring to target student activists,[3] to scraping noncitizens' data from the Internal Revenue Service,[4] to weaponizing e-monitoring tools that track the location of noncitizens with pending immigration cases,[5] the Trump administration aims to conduct immigration enforcement pulling information from public and private data fed into mass surveillance tools. FOIA requests have been essential to public understanding of the civil rights and privacy repercussions of ICE contracts with companies that power ICE surveillance. Documents obtained by Plaintiffs concerning the agency's prior contract with LexisNexis,[6] for example, prompted significant news coverage of the

---

[1] *See* Sam Biddle, *LexisNexis to Provide Giant Database of Personal Information to ICE*, Intercept (Apr. 2, 2021), https://theintercept.com/2021/04/02/ice-database-surveillancelexisnexis.

[2] *See* Maurizio Guerrero, *ICE Is Swiftly Expanding Its Sprawling Surveillance Apparatus*, Prism (Jan. 30, 2025), https://prismreports.org/2025/01/30/ice-surveillance-immigrants/.

[3] *See* Faiza Patel, *U.S. AI-Driven "Catch and Revoke" Initiative Threatens First Amendment Rights*, Just Security (Mar. 18, 2025), https://www.justsecurity.org/109069/u-s-ai-driven-catch-and-revoke-initiative-threatens-first-amendment-rights/.

[4] *See* Marshal Cohen & Rene Marsh, *IRS Reaches Data-Sharing Deal with DHS To Help Find Undocumented Immigrants for Deportation*, CNN (Apr. 8, 2025), https://www.cnn.com/2025/04/08/politics/irs-dhs-sign-data-deal-undocumented-immigrants/index.html.

[5] *See* Paul Mozur, Adam Satariano, & Aaron Krolik, *This Company's Surveillance Tech Makes Immigrants 'Easy Pickings' for Trump*, N.Y. Times (Apr. 14, 2025), https://www.nytimes.com/2025/04/14/technology/trump-immigration-tech-geo-group.html.

[6] *See* Just Futures Law, *Fact Sheet: New Records Provide Details on ICE's Mass Use of LexisNexis Accurint to Surveil Immigrants* (June 8, 2022), https://static1.squarespace.com/static/62c3198c117dd661bd99eb3a/t/635c026f7272f54fa9de62f1/1666974319996/Data+Brokers+Fact+Sheet+Final+6.8.22.pdf.

dangers posed by DHS use of mass surveillance technology[7] and served as key evidence for a recent report on artificial intelligence in immigration enforcement.[8]

4. On July 19, 2024, Plaintiff Just Futures Law, a nonprofit civil and human rights legal organization, submitted a FOIA request (attached herein as Exhibit 1) to Defendant ICE seeking records related to their use of LexisNexis' Accurint Virtual Crime Center, which provides an array of surveillance tools that law enforcement can use to locate individuals.

5. To date Defendant has neither provided Plaintiff with substantive responses nor produced any records in response to Plaintiff's FOIA request. Defendant's failure to disclose and produce the requested records violates the FOIA. Because of Defendant's disregard for these requirements, important information about the nature of Defendant's use of LexisNexis tools remains undisclosed to the public.

6. Plaintiffs now bring this action to obtain the information to which they are statutorily entitled.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter under FOIA, 5 U.S.C. § 552(a)(4)(B), and as a federal question under 28 U.S.C. § 1331.

8. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

---

[7] *See, e.g.*, Riley, *supra* note 2; Joseph Cox, *LexisNexis 'Virtual Crime Center' Makes Millions Selling to the Government*, Vice (Feb. 2, 2023), https://www.vice.com/en/article/y3p8j5/lexisnexis-selling-data-government; Maurizio Guerrero, *Surveillance Capitalism Has Taken over Immigration Enforcement—Stifling Dissent and Sowing Fear for Profit*, Prism (Jan. 9, 2024), https://prismreports.org/2024/01/09/surveillance-capitalism-taken-over-immigration-enforcement; Sam Biddle, *LexisNexis Sold Powerful Spy Tools to U.S. Customs and Border Protection*, Intercept (Nov. 16, 2023), https://theintercept.com/2023/11/16/lexisnexis-cbp-surveillance-border.

[8] Just Futures Law & Mijente, *Automating Deportation: The Artificial Intelligence Behind the Department of Homeland Security's Immigration Enforcement Regime* (June 2024), https://drive.google.com/file/d/1NIjUkyIItCQCJqj2LtbCpzOseZ92eaQv/view.

3

9. Because Defendant has failed to comply with the applicable time-limit provisions of FOIA, Plaintiff is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and are now entitled to judicial action enjoining the agency from continuing to withhold agency records and ordering the production of agency records improperly held.

## PARTIES

10. Plaintiff Just Futures Law (JFL) is a nonprofit organization that works in partnership with immigrant and racial justice organizers and base-building groups to develop legal and advocacy strategies aimed at disrupting criminalization and deportation; file litigation aligned with organizing; and build a political home for lawyers and legal workers who center directly-impacted communities in the immigrants' rights movement. JFL disseminates information about the immigration system to the public in accessible ways and is a leader in providing training and support for legal practitioners, community-based organizations, and community members. JFL provides expert information and community-based education on ICE tactics, including surveillance practices, and possible legal and policy remedies. JFL is established under the laws of Delaware and headquartered in Washington, D.C.

15. Defendant ICE is a component agency of the Department of Homeland Security and an agency within the meaning of 5 U.S.C. § 552(f)(1). ICE enforces immigration and customs law and is responsible for the detention and removal of immigrants.

16. Upon information and belief, Defendant ICE has custody and control over the records Plaintiff seek to make publicly available under 5 U.S.C. § 552(a)(2).

**STATEMENT OF FACTS**

**Background**

17.  Through its contract with Accurint Virtual Crime Center (AVCC), ICE is able to access an encyclopedic summary of a person's existence; its database aggregates both public and non-public information and contains profiles on millions of people. This information includes names, addresses, emails, criminal histories, phone numbers, past jobs, former marriages, relatives, associates, motor vehicle information, bankruptcies, liens, judgements, real property records, social media information, and business and employment information.[9]

18.  The AVCC platform provides this information to ICE in the form of long dossier-like reports and through searches that generate basic information about individuals.[10] These reports can be many pages long, and can include not only information about individuals ICE is actively targeting, but also can include information about their loved ones and neighbors.[11]

19.  In January 2022, Just Futures Law received records (attached herein as Exhibit 3) through a separate FOIA lawsuit against ICE that provided information about the scope of ICE's use of AVCC over a seven-month period in 2021.[12] Between March 2021 and September 30, 2021, ICE officers searched AVCC 1.2 million times and generated over 300,000 reports.

20.  Given the Trump administration's stated goal of initiating a "mass deportation" campaign, the public interest in the use of these technologies is increasingly urgent and

---

[9] Sam Biddle, LexisNexis To Provide Giant Database of Personal Information to ICE, The Intercept, Apr. 2, 2021, https://theintercept.com/2021/04/02/ice-database-surveillance-lexisnexis/.

[10] *See* Ex. 2. DHS-ICE AVCC Usage, Sept. 2021, https://static1.squarespace.com/static/62c3198c117dd661bd99eb3a/t/634846999682584f4c1f33d9/1665681061248/ICE+ERO+Accurint+Summary+Data+and+Data+Subscription+Services+Info.Dec.2021.pdf.

[11] *See* Accurint For Government Sample Report, https://secure.accurint.com/bps/507/html/v3/gov_sample_reports.html.

[12] *See* Ex. 2.

significant.[13] In particular, there is significant public interest in surveillance technologies' role in facilitating deportations. Recent reports suggest that ICE uses some of its surveillance tools to target individual activists for arrest, potentially in retaliation for activists' protected speech.[14]

21. ICE's use of AVCC raises serious concerns. First, Defendant has failed to provide up-to-date information to the public regarding the use of AVCC in removal operations and how many reports and searches officers have conducted after September 2021. Given the sensitivity of the information contained in all AVCC reports, and the potential for a massive expansion of the use of AVCC in light of the administration's stated goal of mass deportation, ICE must provide more insight into its use of AVCC in order to protect the privacy and constitutional rights of immigrant communities and others.

## Plaintiff's FOIA Request and Defendant's Response

21. On July 19, 2024, Plaintiff submitted a FOIA to ICE (via ICE's online portal) seeking records of the agency's use of AVCC. *See* Exhibit 1.

22. The FOIA request (Exhibit 1) sought the following records:

I. The agency's most up-to-date versions of the records entitled "DHS-ICE AVCC USAGE" (attached as Exhibit A). II. Any records reflecting email communications containing logs, datasets, reports, and/or other data compilations of the agency's queries of AVCC after September 30, 2021, including for example records similar to those attached as Exhibit B. III. Any additional logs, datasets, reports, and/or other data compilations showing the following information about the agency's queries of AVCC after September 30, 2021: A. The number, timing, type, and/or purpose of the queries. B. The queries' source, including but not limited to particular subagencies, regions, and/or users. C. The number of queries resulting in warrant applications, warrants, arrests, and/or prosecutions. IV. Any reports or other materials prepared after March 1, 2021,

---

[13] *See* Adam Satariano, et al., *The Tech Arsenal That Could Power Trump's Immigration Crackdown*, N.Y. Times (Jan. 25, 2025), https://www.nytimes.com/2025/01/25/technology/trump-immigration-deportation-surveillance.html.

[14] *See* Patel, *U.S. AI-Driven "Catch and Revoke"*.

documenting trends over time in agency queries of databases accessed pursuant to a Law Enforcement Investigative Database Subscription contract.

23. On July 25, 2024, ICE acknowledged receipt of each of the five requests, assigned control numbers to each of the requests, and invoked a 10-day extension to the 20 working-day deadline for ICE to provide a substantive response to the requests. *See* Exhibit 2 (attached).

27. Plaintiffs' request to ICE (Exhibit 1) was assigned control number 2024-ICFO-47522.

### Exhaustion of Administrative Remedies

30. As of the date of this Complaint, Defendant has failed to (a) notify Plaintiff of a final determination regarding Plaintiff's FOIA request, including the scope of responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

31. Through Defendant's failure to respond to Plaintiff's FOIA requests within the time period required by law, Plaintiff has constructively exhausted their administrative remedies and seeks immediate judicial review.

### CLAIMS FOR RELIEF

### COUNT I

### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

32. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

33. Plaintiff properly requested records within the possession, custody, and control of Defendant.

34. Defendant is an agency subject to FOIA, and it must therefore make reasonable efforts to search for requested records.

35. Defendant has failed to promptly review agency records for the purpose of locating those records that are responsive to Plaintiff's FOIA request.

36. Defendant's failure to conduct an adequate search for responsive records violates FOIA and applicable regulations.

37. Plaintiff is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to Plaintiff's FOIA request.

## COUNT II

### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

38. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

39. Plaintiff properly requested records within the possession, custody, and control of Defendant.

40. Defendant is an agency subject to FOIA, and it must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

41. Defendant is wrongfully withholding non-exempt agency records requested by Plaintiff by failing to produce non-exempt records responsive to its FOIA requests.

42. Defendant is wrongfully withholding non-exempt agency records requested by Plaintiff by failing to segregate exempt information in otherwise non-exempt records responsive to Plaintiff's FOIA request.

43. Defendant's failure to provide all non-exempt responsive records violates FOIA and applicable regulations.

44. Plaintiff is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court:

a. Declare that Defendant's failure to disclose the records responsive to Plaintiff's request is unlawful;

b. Order Defendant to promptly conduct a thorough search for all responsive records;

c. Order Defendant to expeditiously process and release all responsive records, and enjoin Defendant from improperly withholding records;

d. Award Plaintiff reasonable attorneys' fees and other litigation costs incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

e. Grant such other relief as the Court may deem just and proper.

Dated: Apr. 28, 2025                                   Respectfully submitted

/s/ Sejal Zota
Sejal Zota (D.C. Bar. No. NC020)
Dinesh McCoy* (*pro hac vice* application forthcoming)
Just Futures Law
1629 K Street NW, Suite #300
Washington, D.C. 20006
Telephone: (617) 812-2822
sejal@justfutureslaw.org
dinesh@justfutureslaw.org
*Attorneys for Plaintiffs*